UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ARTURO RODRIGUEZ MARTINEZ,

      Petitioner,

v.

PAM BONDI, Attorney General of the United States of America; KRISTI NOEM, Secretary of the Department of Homeland Security; TODD LYONS, Acting Director, United States Immigration and Customs Enforcement, and, WARDEN, Batavia Federal Detention Facility,

      Respondents.

**ORDER**

6: 25-CV-6508-EAW

───────────────────────────────

      Petitioner Arturo Rodriguez Martinez ("Petitioner") is a civil immigration detainee held at the Buffalo Federal Detention Facility in Batavia, New York, at the time his petition was filed. Petitioner claims that he is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution and seeks relief under 28 U.S.C. § 2241. (Dkt. 1). In response to the petition, Respondents filed a motion to dismiss, arguing that because Petitioner entered the country without inspection or admission, he remains an applicant for admission pursuant to 8 U.S.C. § 1225(b), which mandates that he be detained in immigration custody. (Dkt. 17). Petitioner contends that his detention arises pursuant to 8 U.S.C. § 1226(a), which provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and

detained pending a decision on whether the alien is to be removed from the United States," and that after such arrest, the Attorney General may detain the individual or release them on a bond with conditions or on conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2).

For the reasons that will be set forth in a more detailed decision to be issued in due course, the petition is granted to the extent that Petitioner seeks a bond hearing, the motion to dismiss is denied, and a bond hearing shall be conducted in accordance with the following terms:

1. Petitioner shall be granted a bond hearing before an immigration judge ("IJ") within seven (7) days of this Order. If Petitioner requests a continuance that results in a bond hearing date outside the 7-day deadline set forth above, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2. At this bond hearing, the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the

- 3 -

safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5. Respondents are directed to file a status update with the Court on or before November 20, 2025. In that status update, they shall advise (if they have not already) as to mutually agreeable proposed briefing regarding the remaining cause of action in the petition.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 12, 2025
Rochester, New York